# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DEVONIA INMAN, | |
| Petitioner, | |
| | CASE NO. 7:08-CV-69 |
| v. | |
| | 28 U.S.C. § 2254 |
| STEVE UPTON, Warden, | Habeas Corpus Petition |
| Respondent. | |

## REPORT AND RECOMMENDATION

On June 26, 2001, Petitioner Inman was sentenced to life in prison without parole upon his convictions of malice murder, armed robbery, theft by taking, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. (R-1). Petitioner then filed a direct appeal with the Georgia Supreme Court, which ultimately affirmed his convictions. *See Inman v. State,* 281 Ga. 67 (2006). He then filed a Motion for Reconsideration which was denied by the Court on October 16, 2006. A Writ of Certiorari filed with the United States Supreme Court was thereafter denied on October 1, 2007.

Petitioner did not file a state habeas petition, and filed the current petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on May 27, 2008. (R-1). Respondent filed his Answer/Response on August 15, 2008.

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

> the merits in State court proceedings unless the adjudication of the claim –
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>     (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>     (A) the claim relies on –
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U.S. 362 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal

> habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

### Petitioner's Habeas Claims

In his petition, Petitioner sets out one general ground for relief. (R-1, p. 8). Specifically, Petitioner contends that his Fourteenth Amendment right to due process was violated where the trial court refused to allow the testimony of three witnesses which would introduce evidence that someone other than him committed the crimes. *Id.* He further claims that due to the trial court's error, his Sixth Amendment right was violated as he was denied a "meaningful opportunity to present a complete defense." *Id.* at 9.

**A.    Fourteenth Amendment Right to Due Process**

Petitioner first argues that the trial court committed reversible error where it failed to

allow him to present the testimony of three witnesses who he claimed would help to establish that someone other than himself committed the crimes for which he was charged and convicted. *Id.*  In support of his contention, Petitioner cites *Chambers v. Mississippi*, a United States Supreme Court decision which he claims held that "an accused's rights to due process are violated when a trial court refuses to admit hearsay testimony which bears 'persuasive assurances of trustworthiness' and is critical to a defendant's defense." *Id.*

The record reveals that during Petitioner's trial, he attempted to have three witnesses testify as to inculpatory statements made by Hercules Brown, which he contends would help to establish that he did not commit the crimes charged.  The State made a motion in limine to exclude said witnesses.  After hearing the merits of both sides' arguments and weighing the reliability and trustworthiness of the witnesses and their testimony, the court disallowed the evidence.

Petitioner raised this issue on direct appeal to the Georgia Supreme Court which ultimately determined, after reviewing the record, that the trial court did not err when it excluded the proffered evidence. *See Inman,* 281 Ga. at 72.  There is nothing in the record to suggest that the decision by the Georgia Supreme Court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. *See Williams v. Taylor,* 529 U.S. 362 (2000).  As such, Petitioner's claim has no merit.

**B.     Sixth Amendment Right to Present Complete Defense**

Petitioner next argues that the trial court's error in disallowing the testimony of the three witnesses violated his Sixth Amendment right to a meaningful opportunity to present a complete defense. (R-1, p. 9).

A review of the record reveals that Petitioner failed to raise this issue on direct appeal. The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga. Code Ann. § 9-14-51. In this case there

> is no such indication, therefore, we conclude that a state habeas court would hold [Petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). Inasmuch as Petitioner's claim is legally barred in the State court for not having been timely raised there, by the foregoing federal authority, it is likewise barred from consideration in this court.

WHEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's Application for federal habeas corpus relief be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 1st day of April, 2010.

                                                  S/G. MALLON FAIRCLOTH
                                                  UNITED STATES MAGISTRATE JUDGE

eSw