# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

DEVONIA INMAN, :
:
    Petitioner, :
:
v. : Civil Action No. 7:08-cv-69 (HL)
:
STEVE UPTON, Warden, :
:
    Respondent. :
:
_____ :

## ORDER

Before the Court is the Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth (Doc. 12). It is recommended that Petitioner's petition for habeas corpus made pursuant to 28 U.S.C. § 2254 be denied. The Petitioner filed a timely objection to the Report and Recommendation (Doc. 13). In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which the Petitioner has objected. Because these objections address matters not fully explained in the Report and Recommendation, the Court will explain why Petitioner's petition for habeas corpus must be denied and why the Report and Recommendation is accepted and made the order of the Court.

**I. BACKGROUND**

Petitioner was sentenced to life in prison without parole after being convicted in the Superior Court of Cook County, Georgia of multiple offenses, including malice

murder. He appealed to the Georgia Supreme Court, which affirmed his convictions and sentences. See Inman v. State, 281 Ga. 67, 635 S.E.2d 125 (2006). Petitioner then filed this federal habeas petition

## I. DUE PROCESS CLAIM

In his objection, Petitioner contends that hearsay statements should have been admitted into evidence and that his Fourteenth Amendment right to due process was violated when the trial judge excluded the statements. See Chambers v. Mississippi, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L.Ed.2d 297 (1973) (holding that due process was violated when defendant could not present testimony critical to his defense and that was sufficiently trustworthy to meet the exceptional circumstances exception to the hearsay bar). The hearsay statements tended to show that another person, Hercules Brown, committed the crimes for which the Petitioner was on trial. To be admissible into evidence, the statements had to fall within the exceptional circumstances exception to the hearsay bar.

The Georgia Supreme Court neither unreasonably applied clearly established federal law nor did it reach a decision contrary to federal law when it affirmed the exclusion of the testimony because the record shows that the trial judge considered whether the hearsay statements were made under circumstances providing assurances of their reliability. As to the first witness, the trial court recognized that the State called her as its witness, but that the State's purpose of putting her on the stand was to impeach her. (Doc. 10-14, p. 2942). It also recognized that the witness

2

was an interested witness because she could be characterized as a co-conspirator or party to the crime. (Id. at 2944). As for the second witness, she too was an interested witness because she was a relative to the Petitioner. (Id. at 2931, 2947-48). In regard to the third witness, the trial judge noted that his credibility was impeached by the prosecutor when he failed to admit that he committed a crime to which he pled guilty. (Id. at 2931). The witness was also someone who could be characterized as a co-conspirator of Petitioner's and a party to the crime for which the Petitioner was convicted (Id. at 2929-30). Finally, the trial judge noted that proposed witnesses' knowledge about the details of the crime had to have come from speaking to other witnesses, which according to the trial judge, made the witnesses less trustworthy. (Id. at 2944).

The statements from these proposed witnesses were different from the statements made in Chambers. In Chambers, the statements were made shortly after the crime occurred, each one was corroborated by other evidence, and the statements were made against the witness' interest. Chambers, 410 U.S. at 300; 93 S. Ct. at 1048.

The Georgia Supreme Court and the trial judge neither reached a decision contrary to federal law nor unreasonably applied federal law to the facts of Petitioner's case. Petitioner's habeas petition is denied to the extent it is based on a violation of his due process right.

## III. SIXTH AMENDMENT CLAIM

The Magistrate Judge found that the Sixth Amendment claim was not raised on appeal and was therefore procedurally defaulted. In his objection, the Petitioner argues that the issue was raised on appeal, but was raised in a motion for rehearing due to intervening case law decided while his appeal was pending.

In his motion for rehearing on appeal, Petitioner argued for the first time that his Sixth Amendment right to present a complete defense was violated when the trial judge excluded hearsay testimony from three defense witnesses. He relied on Homes v. South Carolina, 547 U.S. 319, 126 S. Ct. 1727, 164 L.Ed.2d 503 (2006). In that case, the Supreme Court affirmed its longstanding rule that a defendant has a right to a meaningful opportunity to present a complete defense and that the right is abridged by evidence rules that "infring[e] upon a weighty interest of the accused" and are arbitrary or disproportionate to the purposes they are designed to serve." Id. at 324; Id. at 1731 (quotations and citations omitted). The holding of Holmes was that a state court rule was arbitrary and violated the Sixth Amendment where the state court rule provided for the categorical exclusion of defense evidence in light of strong evidence presented by the prosecution. Id. 329, 331; Id. at 1734, 1735.

The rule against arbitrary application of evidence rules is longstanding. Holmes merely expanded on the rule. Petitioner could have raised the Sixth Amendment issue at trial and in his initial appellate brief, but he failed to do so. Since he failed to do either, this claim is procedurally defaulted. See O.C.G.A. § 9-

4

14-48(d); Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in state courts."); Black v. Hardin, 255 Ga. 239, 239, 336 S.E.2d 754, 755 (1985) ("The rule now may be stated as follows: a failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus.").

Moreover, even if the claim was not procedurally defaulted, habeas relief must be denied. The Georgia Supreme Court summarily denied the claim, but its decision is entitled to deferential treatment. See Wright v. Sec'y for the Dept. of Corr., 278 F.3d 1245, 1254 (11th Cir. 2002) (finding that the state court's summary rejection of a federal constitutional issue qualifies as an adjudication under § 2254(d) so that the decision is entitled to deference). In applying the deferential unreasonable standard, this Court can only find that the Georgia's Supreme Court decision rejecting the Sixth Amendment claim was not an unreasonable application of clearly established federal law. Holmes does not support Petitioner's claim because in Holmes the trial court focused exclusively on the strength of the prosecution's case to determine whether the defendant was permitted to present hearsay evidence. In contrast, the trial court in Petitioner's case evaluated the credibility of the proposed witnesses and determined that because they were interested persons, co-conspirators, or parties to the crime, any testimony the witnesses would provide would not be sufficiently trustworthy. There is no Supreme Court precedent establishing that exclusion of

5

untrustworthy hearsay statements is arbitrary, rather Holmes stated the opposite, explaining that "well-established rules of evidence permit trial judges to exclude evidence" including the "rules regulating the admission of evidence proferred by criminal defendants to show that someone else committed the crime with which they are charged." Holmes, 547 U.S. at 326-27; 126 S. Ct. at 1732-33.  Accordingly, the Georgia Supreme Court's decision was not unreasonable or contrary to clearly established federal law.

Petitioner's habeas petition must be denied for the reasons stated in this order and in the Magistrate Judge's Report and Recommendation.

**SO ORDERED**, this the 2nd day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc