# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

DEVONIA INMAN, :
:
      Petitioner, :
:
v. : Civil Action No. 7:08-cv-69 (HL)
:
STEVE UPTON, Warden, :
:
      Respondent. :
:
_____ :

## ORDER

On May 2, 2011, the Court entered an order accepting a Recommendation to dismiss Petitioner's § 2254 habeas petition. What the Court neglected to do in that order was issue or deny a certificate of appealability as required by § 2254 Rule 11(a). An appeal of a denial of a habeas corpus petition can proceed only if a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1)(A); F.R.A.P. 22(b)(1). Pending is a motion for a certificate of appealability (Doc. 16). The motion is granted.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." This requires a petitioner to demonstrate that the resolution of his constitutional claims was debatable amongst jurists of reason. United States v. Futch, 518 F.3d 887, 895 (11th Cir.2008). A petitioner is not required to show that his constitutional claims would succeed on appeal, but must demonstrate only that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 338, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).

If the district court determines that a certificate of appealability should issue, the court must state specifically the issue or issues for which the petitioner has made the required showing of a substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

In this case, the Petitioner seeks a certificate of appealability on the following issues: (1) whether Petitioner's Due Process rights were violated because the trial judge should have found hearsay statements showing another person committed the crime were reliable and instead incorrectly found the statements were unreliable and excluded the statements; (2) whether Petitioner's Sixth Amendment right to present a complete defense was violated when the trial judge excluded the hearsay evidence that another person committed the crime for which the Petitioner was convicted.

The Court has reviewed the Petitioner's arguments made in support of these claims, and the law and facts governing the claims. A certificate of appealability is appropriate on both issues for which the Petitioner seeks review. The Court is confident that it reached the right decision, but resolution of these claims is debatable. The first claim may involve hearsay statements similar enough to the hearsay statements found to be admissible in Chambers v. Mississippi, 410 U.S. 284, 93 S. Ct. 1038, 35 L.Ed.2d 297 (1973). The second claim may not have been

procedurally defaulted since the Petitioner did raise it in his direct appeal, though not in his initial brief. The Court could not find any case directly on point showing procedural default and instead reasoned that the claim was untimely because it could have been raised in his initial brief.

Accordingly, a certificate of appealability is issued on the issues of: (1) whether Petitioner's Due Process rights were violated on the basis that the trial judge should not have excluded hearsay statements showing another person committed the crime because the statements were reliable; and (2) whether Petitioner's Sixth Amendment right to present a complete defense was violated when the trial judge excluded the hearsay evidence that another person committed the crime for which the Petitioner was convicted.

**SO ORDERED**, this the 31st day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc